UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIEGO ALBERTO HERNANDEZ GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. 3:25-CV-00605-DCLC-JEM |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Diego Alberto Hernandez Garcia's Petition for Writ of Habeas Corpus [Doc. 1] and Petition for Emergency Motion of Stay of Removal [Doc. 2]. For the reasons herein, the Court, which has jurisdiction over this action under 28 U.S.C. §§ 2241 and 1651, will grant Mr. Garcia's emergency motion.

A twenty-four-year-old El Salvadorian national, Mr. Garcia entered the United States illegally as a minor without inspection. [Pet. ¶¶ 15–16]. Since entering the United States, he has never left. [*Id.* ¶ 16]. He claims that, in 2016, he requested asylum, his request was denied, and he was ordered removed from the United States. [*Id.* ¶ 17]. Despite the removal order, and for reasons that are unclear from the record, he remained in the United States through 2019, at which time he applied for Special Immigrant Juvenile Status ("SIJS") and deferred action from the United States Citizenship and Immigration Services ("USCIS"). [*Id.* ¶ 18]; *see generally* 8 C.F.R. § 236.21(c)(1) (defining "deferred action" as "a form of enforcement discretion not to pursue the removal of certain aliens for a limited period . . . taking into account humanitarian considerations and administrative convenience"). On May 12, 2022, the USCIS granted his application for SIJS status and deferred action, which is effective for four years, until May 12,

2026, and which authorized him to obtain employment. [Pet. ¶ 18; USCIS's Notice of Deferred Action, Doc. 1-1, at 1].

Now fast forward to present day. Mr. Garcia claims that officers of the United States Immigration and Customs Enforcement Services ("ICE") "indiscriminately" apprehended him and others from a job site in Knoxville, Tennessee, where they were performing construction work yesterday. [Pet. ¶ 21]. He claims that Respondents have detained him in their custody at the Roger D. Wilson Detention Facility in Knoxville and have informed him that he "is going to Louisiana and that his case can be resolved there." [*Id.* ¶ 29]. According to Mr. Garcia, an ICE agent told him that he "was ordered removed in absentia, which is inaccurate." [*Id.* ¶ 21].

Mr. Garcia now petitions this Court for a writ of habeas corpus to release him from Respondents' custody. He contends that his grant of deferred action is "a shield against an execution of a removal order" and his removal would "violate his protection under deferred action." [*Id.* ¶¶ 36, 37]. With these contentions, his ultimate claim is that his detention violates his right to habeas corpus and is unlawful.

"At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations and footnotes omitted). A writ of habeas corpus is, therefore, not only available to a detainee in ICE's custody, *see AARP v. Trump*, 605 U.S. 91, 94–95 (2025), but is also his exclusive remedy for challenging his confinement's lawfulness, *see Trump v. JGG*, 604 U.S. 670, 672 (2025) ("Regardless of whether the detainees formally request release from confinement, because their claims for relief 'necessarily imply the invalidity' of their confinement and removal . . . their claims fall within the 'core' of the writ of habeas corpus and *must* be brought in habeas." (emphasis added) (quotation omitted)).

En route to seeking a writ of habeas corpus, Mr. Garcia first moves the Court to grant "an emergency stay of removal using the [factors] laid down [in] *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749 (2009)." [Pet'r's Emergency Mot. at 2]. Those factors are (1) whether the movant for a stay "has made a strong showing that he is likely to succeed on the merits"; (2) whether the movant "will be irreparably injured absent a stay"; (3) whether issuance of a stay "will 'substantially injure' the other parties interested in the proceeding"; and (4) "where the public interest lies.'" *Nken*, 556 U.S. at 426 (quotation omitted). Mr. Garcia satisfies all four factors.

Under the first factor, Mr. Garcia is likely to succeed on the merits of his habeas claim because of his deferred action status, which, again, remains in effect until May 2026. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) ("Approval of deferred action status means that . . . *no action* will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." (emphasis added) (quotation omitted)); *but see* 8 C.F.R. § 236.21(c)(1) ("A grant of deferred action under this section does not preclude DHS from commencing removal proceedings at any time or prohibit DHS or any other Federal agency from initiating any criminal or other enforcement action at any time.").

Under the second factor, deportation, though "not *categorically* irreparable," *Nken*, 556 U.S. at 435 (emphasis added), is per se a form of harm at common law. *See Padilla v. Kentucky*, 559 U.S. 356, 365, 374 (2010) (characterizing deportation as "a particularly severe penalty" and "the equivalent of banishment or exile" (internal quotation marks and quotations omitted)); *see Vartelas v. Holder*, 566 U.S. 257, 267–68 (2012) ("We have several times recognized the severity of that sanction [of deportation]." (citing *id.* at 356, 365–66, 373–74)). In addition, the

3

erroneous deprivation of an alien's liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), and the record, as it stands, contains "no reason recognized by the law" for Mr. Garcia's detention, *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025).

Lastly, the third and fourth *Nken* factors—which "merge when the Government is the opposing party," *Nken*, 556 U.S. at 435—also militate in favor of a stay. "It is always in the public interest to prevent the violation of a party's constitutional rights," *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994), and Mr. Garcia, who argues that his detention violates his constitutional right to due process because of USCIS's grant of deferred action, [Pet'r's Emergency Mot. at 4], enjoys the same due-process rights that any American citizen would, *see Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." (citation omitted)); *see also Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.").

Mr. Garcia's Petition for Emergency Motion of Stay of Removal [Doc. 2] is therefore **GRANTED**, and the Court hereby **STAYS** the enforcement of any and all outstanding orders for Mr. Garcia's removal from the United States. In addition, Respondents are **ORDERED** to immediately release Mr. Garcia from their custody pending the Court's resolution of this case on the merits. The Court is cognizant that its discretion to issue a stay is "abused if the stay [is] not kept within the bounds of moderation," *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936), and it therefore intends to quickly adjudicate the merits of Mr. Garcia's request for a writ of habeas

corpus, *cf. AARP v. Trump*, 605 U.S. 91, 96 (2025) (stating that "lower courts should address AEA cases expeditiously"). The parties are therefore **ORDERED** to appear before the Court for an evidentiary hearing on **Thursday, December 18, 2025, at 2:00 p.m.** Respondents are **ORDERED** to file the full administrative record with the Court by **Tuesday, December 16, 2025**.

    SO ORDERED:

s/ Clifton L. Corker
United States District Judge
