UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIEGO ALBERTO HERNANDEZ GARCIA, | ) |
| Petitioner, | ) |
| v. | ) No. 3:25-CV-00605-DCLC-JEM |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Earlier today, the Court granted Mr. Garcia's Petition for Emergency Order of Stay of Removal [Doc. 2] after deciding that Mr. Garcia, through his attorney, had satisfied the four factors for a stay under *Nken v. Holder*, 556 U.S. 418 (2009). [Mem. Op. & Order, Doc. 4]. The Court not only stayed the enforcement of any and all outstanding orders for his removal from the United States but also ordered his immediate release from the custody of the United States Immigration and Customs Enforcement Services ("ICE").

Over the past year, the federal courts have grappled with a veritable tempest of cases in which detainees in ICE's custody have challenged their detainment and deportation statuses. The courts have treated these cases as urgent matters, often acting swiftly to maintain the status quo pending an adjudication on the merits. *See, e.g.*, *A.A.R.P. v. Trump*, 605 U.S. 91, 96 (2025) ("[E]xigent circumstances may impose practical constraints."); *A.A.R.P. v. Trump*, 145 S. Ct. 1034, 1034 (2025) ("There is before the Court an application on behalf of a putative class of detainees seeking an injunction against their removal . . . . The Government is directed not to remove any member of the putative class of detainees from the United States until further order of this Court."); *J.G.G. v. Trump*, No. 1:25-cv-00766, 2025 WL 825116, at *1 (D.D.C. Mar. 15,

2025) ("The Court has reviewed Plaintiffs' Complaint and Motion for Temporary Restraining Order. Given the exigent circumstances that it has been made aware of this morning, it has determined that an immediate Order is warranted to maintain the status quo until a hearing can be set."), *vacated by Trump v. J.G.G.*, 604 U.S. 670.

This Court, in granting Mr. Garcia's request for a stay, acted similarly. It moved swiftly against the exigent circumstance of Mr. Garcia's possible summary deportation. But the Court's swiftness came at Respondents' disadvantage because they did not first have the opportunity to respond. And while the Court recognized Mr. Garcia's constitutional right to due process as a detainee in ICE's custody, *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), it admittedly—in its haste—gave short shrift to the "Government's national security interests" by ruling without a response from Respondents, *A.A.R.P.*, 605 U.S. at 96; *see Nken*, 556 U.S. at 436 ("Of course there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm," but "[t]here is always a public interest in prompt execution of removal orders: The continued presence of an alien lawfully deemed removable . . . violat[es] . . . United States law." (internal quotation mark and quotation omitted)); *see also Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (citing the need for "due regard for the deference owed to the Executive Branch in the conduct of foreign affairs").

Respondents now come forward with a response, seeking a stay of Mr. Garcia's release until it can file a motion to reconsider on or before Sunday, December 14, 2025. [Resp't's Mot. to Stay, Doc. 6]. In their response, Respondents claim to have knowledge of "additional facts that were not before the Court when it entered its Order for immediate release." [*Id.* at 1]. Specifically, Respondents state that the United States Citizenship and Immigration Services

2

terminated Mr. Garcia's grant of deferred action on December 11, 2025, [*id.* at 2], and they have provided the Court with evidence of its termination, [Termination Notice, Doc. 6-1, at 1–4]. Mr. Garcia's deferred-action status was integral to the Court's analysis of the *Nken* factors and its determination that he was entitled to release. [Mem. Order at 1–5]; *see Carlos Guerra Leon v. Kristi Noem et al.*, No. 3:25-CV-01495 (W.D. La. Oct. 30, 2025), ECF No. 21 (ordering the petitioner's immediate release from ICE's custody after determining that "the Respondents have not terminated Petitioner's deferred action status (which is in effect through December 9, 2026), so Petitioner cannot be deported").

The *Nken* factors, notably, have "substantial overlap" with "the factors governing" temporary restraining orders and preliminary injunctions. *Nken*, 556 U.S. at 434 (citation omitted); *see Albino-Martinez v. Adducci*, 454 F. Supp. 3d 642, 650–51 (E.D. Mich. 2020) (employing the *Nken* factors in deciding whether to grant a temporary restraining order). The purpose of a temporary restraining order is "'merely to preserve the relative positions of the parties' pending further proceedings." *A.A.R.P.*, 605 U.S. at 96 (quotation omitted). In granting Mr. Garcia's release, the Court overreached by not preserving the parties' relative positions. Instead, it effectively granted the habeas relief that Mr. Garcia sought when it ordered his immediate release. That relief, if it comes at all, can come only upon the Court's adjudication of the merits. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) ("The writ of habeas corpus is an 'extraordinary remedy[.]'" (quotation omitted)); *see also Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) ("[A] preliminary injunction makes a prediction about the merits ruling and is not itself a merits ruling.").

Respondents' Motion to Stay Release Pending Forthcoming Motion to Reconsider [Doc. 6] is therefore **GRANTED**. The Court **VACATES** the portion of its Memorandum Opinion

3

and Order [Doc. 4] in which it ordered Mr. Garcia's immediate release from ICE's custody, and Mr. Garcia is **ORDERED** to remain in ICE's custody pending the Court's adjudication of the merits of his request for a writ of habeas corpus. The Court's Memorandum Opinion and Order [Doc. 4] remains in full force and effect in all other respects, including its stay of the enforcement of any and all outstanding orders for Mr. Garcia's removal from the United States.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge