UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIEGO ALBERTO HERNANDEZ GARCIA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, SECRETARY OF THE UNITED ) <br> STATES DEPARTMENT OF HOMELAND ) <br> SECURITY et al., ) <br> ) <br> Respondents. ) | No. 3:25-CV-00605-DCLC-JEM |

**ORDER**

On Thursday, December 11, 2025, Petitioner Diego Alberto Hernandez Garcia filed a Petition for Writ of Habeas Corpus [Doc. 1], in which he alleges that Respondents, following his arrest by agents of the United States Immigration and Customs Enforcement Services, are unlawfully detaining him. He also filed a Petition for Emergency Motion of Stay of Removal [Doc. 2], and the Court granted his motion for an emergency stay, *see* [Mem. Ops. & Orders, Docs. 4 & 7], preserving the status quo until it can address the merits of his petition for a writ of habeas corpus. The Court must address the merits with celerity. *See* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.").

On Tuesday, December 16, 2025, the Court held a telephonic status conference with the parties, during which they advised the Court of Mr. Garcia's intent to file an amended petition for writ of habeas corpus. Mr. Garcia filed his amended petition later that same day. [Am. Pet., Doc. 11]. The Court ordered Respondents to file a response to the amended petition by Friday, December 19, 2025, a date agreed upon by the parties during the conference. [Order, Doc. 14].

*See* 28 U.S.C. § 2243 (authorizing the Court to issue an order directing the respondent to show cause why the writ should not be granted).

Respondents filed their Return of Writ [Doc. 15] on Thursday, December 18, 2025—a day early and within three days of the filing of the amended petition. *See id*. ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). On that same date, at the parties' request, the Court conducted a discovery hearing to address outstanding discovery issues. *See id*. § 2246.

Although § 2243 contemplates that a hearing ordinarily be set within five days of the return, the Court finds that good cause exists to proceed in an orderly manner through further briefing before determining whether an evidentiary hearing is necessary.[1] *See id*. § 2243 (permitting additional time for good cause). The Court will therefore not set an evidentiary hearing at this time.

Accordingly, Mr. Garcia may file a response to the return of writ by **Monday, January 5, 2026**. His response shall not exceed twenty-five pages in length, *see* E.D. Tenn. L.R. 7.1(b), shall directly address the allegations, arguments, and authorities raised in the return, and shall not raise new claims. Mr. Garcia is advised that "[t]he allegations of a return to the writ of habeas corpus . . . if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.

Respondents may file a reply by **Monday, January 12, 2026**, not to exceed twenty-five pages. After the briefing is complete, the Court will determine whether the amended petition

---

[1] If the parties disagree that good cause exists to extend the time in which to hold an evidentiary hearing, they should file a written objection. Otherwise, based on the discussions at the hearing on Thursday, December 18, 2025, the Court finds good cause exists to extend the time.

presents disputed issues of material fact requiring an evidentiary hearing or whether the matter may be resolved on the existing record and as a matter of law.

**SO ORDERED:**

s/ Clifton L. Corker<br>United States District Judge