UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIEGO ALBERTO HERNANDEZ GARCIA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KRISTI NOEM, SECRETARY OF THE UNITED )<br>STATES DEPARTMENT OF HOMELAND )<br>SECURITY et al., )<br>)<br>Respondents. ) | No. 3:25-CV-00605-DCLC-JEM |

**ORDER**

This case is one of considerable public interest. Under Federal Rule of Civil Procedure 5.2(c), however, the parties' filings in the Court's Electronic Filing System ("CM/ECF") are restricted, which means that members of the broader public, including the associated press, who are registered with the Public Access to Court Electronic Records System ("PACER") cannot electronically view them. Rule 5.2(c) requires this restriction to remain in place unless the Court orders otherwise:

> (c) Limitations on Remote Access to Electronic Files; Social-Security Appeals and Immigration Cases. *Unless the court orders otherwise* . . . in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:
>
> > (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
> >
> > (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
> >
> > > (A) the docket maintained by the court; and
> > >
> > > (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Fed. R. Civ. P. 5.2(c) (emphasis added).

This rule's plain language effectively bars large swaths of the American public from viewing the full record because it prevents electronic access to the record unless the would-be viewer is physically present at the James H. Quillen United States Courthouse. *See* Fed. R. Civ. P. 5.2(c)(2)(B) (permitting "electronic access to the full record *at the courthouse*" but otherwise prohibiting the public from electronically viewing "the case file or the administrative record" except for "an opinion, order, judgment, or other disposition of the court" (emphasis added)). While the Court acknowledges that some of the filings in this case are from the underlying administrative proceedings, when Petitioner Diego Alberto Hernandez Garcia was a minor, Mr. Hernandez Garcia is no longer a minor and he filed this habeas case as an adult. In addition, the filings from the underlying administrative record are few, and the Court is not aware of any administrative filings, or other filings, which contain sensitive personal information or medical information.

In short, the Court sees no basis to curtail the broader public's access to the electronic record, especially in light of the public's interest in this case, and it is strongly inclined to lift Rule 5.2(c)'s restriction on electronic access to the parties' filings. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (observing that the federal courts have long recognized a "strong presumption in favor of openness" to judicial records); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("'Only the most compelling reasons can justify non-disclosure of judicial records,'" and "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." (quotation and citation omitted)).

If either party desires Rule 5.2(c)'s restriction on electronic access to remain in place, whether fully or partly, the party requesting non-disclosure must show, in a written filing to be submitted no later than **Thursday, January 15, 2026**, that (1) the judicial record contains information that courts will typically protect and (2) the judicial record, if not restricted, will cause "a clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 305, 307–08 (quotation omitted). Any party seeking non-disclosure must "analyze in detail," i.e., "on a document-by-document, line-by-line basis," "the propriety of secrecy, providing reasons and legal citations," *id.* at 305–06, 308 (quotation omitted), and, by extension, that party must explain why any document subject to non-disclosure is not amenable to redaction. If the parties do not timely submit the aforementioned written filings, the Court will promptly lift Rule 5.2(c)'s restriction, allowing the broader public to have access to the full electronic record.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

3