UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIEGO ALBERTO HERNANDEZ GARCIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:25-CV-00605-DCLC-JEM |
| | ) |
| KRISTI NOEM, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This matter is before the Court on Respondents' Request for Retention of Rule 5.3(c) Limitation on Remote Access [Doc. 26]. Last week, the Court informed the parties of its intent to lift Federal Rule of Civil Procedure 5.3(c)'s restriction on remote access to the electronic record, citing this case's considerable public interest and the strong presumption in favor of openness to judicial records. [Order, Doc. 24]. *See generally Grae v. Corrs. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025) ("The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision."); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." (citation omitted)).

Respondents object to the rolling back of Rule 5.3(c)'s restriction, which they argue is necessary to guard against "identification and exposure of Department of Homeland Security personnel who carry out sensitive job functions and associated processes in the context of immigration detention and removal." [Resp't's Request for Retention at 2–3]. They also argue

that redaction is not a viable substitute for Rule 5.3(c)'s protections because "redactions for voluminous habeas dockets would prove burdensome for the parties as well as for the Court." [*Id.* at 3].

While the Court is always mindful of the importance of protecting the Government's confidential information—including its ongoing investigations and prosecutions—and avoiding injury to non-parties, "a party's mere assertion of its interest in confidentiality" is "not enough" to overcome the strong presumption in favor of openness to judicial records. *Grae*, 134 F.4th at 932. "[T]he proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury.'" *Id.* (quoting *Shane Grp.*, 825 F.3d at 307); *see United States v. HCA, Inc.*, No. 1:08–CV–71, 2012 WL 5997952, at *3 (E.D. Tenn. Nov. 30, 2012) (stating that "general[] alleg[ations] of harm . . . fail[] to rise to the level necessary to justify keeping these documents" from the public). Respondents do not identify or sufficiently explain what information, if any, in their filings will expose their personnel and the duties that they perform, nor do they explain how those duties are sensitive.

Respondents' concern about the "burdensome" nature of redactions in habeas cases also does not justify non-disclosure of the full record. *See Grae*, 134 F.4th at 932 ("The district court did say that '[c]ompliance with *Shane Group* can be a serious challenge in major, document-heavy litigation.' Maybe so; but the reasons for the presumption of access are serious, and our precedents are not hortatory."). As the Court previously noted, the parties' filings in this case are relatively few in number, so the Court sees no reason why Respondents cannot perform, in fairly short order, whatever redactions they consider to be necessary. Respondents are therefore **ORDERED** to perform these redactions and to file the redacted documents in the record by **Monday, January 26, 2026**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge